*Kader v. Bondi*

BIA
A208 983 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ABDUL KADER,
> *Petitioner,*

v.                                                                          23-7149

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Anthony J. Nardi, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdul Kader, a native and citizen of Bangladesh, seeks review of a September 11, 2023, decision of the BIA denying his motion to reopen his removal proceedings to present evidence of recent events in Bangladesh in support of his prior application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Kader*, No. A 208 983 441 (B.I.A. Sept. 11, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review only the denial of reopening because Kader's petition is only timely as to that decision, and Kader does not expressly challenge the underlying removal order in his briefing on appeal. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.

2

2005); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation and quotation marks omitted)). "We review a BIA decision to deny reopening deferentially for abuse of discretion" and any agency finding as to changed country conditions for "substantial evidence." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (citations and quotation marks omitted).

Ordinarily, any "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). However, "[t]here is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum or withholding of removal] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Because Kader's motion to reopen was filed more than 90 days after the final order of removal entered, he must meet this standard.

3

Where the denial of relief was based on an adverse credibility finding, the agency has interpreted this standard to require that, on a motion to reopen, the applicant "must either [1] overcome the prior [adverse credibility] determination or [2] show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020) (citations omitted). Kader contends that this interpretation "is unreasonable and arbitrary because it narrows the types of 'material' evidence [applicants] may present to reopen" their removal proceedings. Petitioner's Br. at 21. But the standard articulated in *Matter of F-S-N-* is consistent with our precedent, and indeed, we have repeatedly cited it with approval. *See*, *e.g.*, *Joga Singh v. McHenry*, No. 23-6028, 2025 WL 262592, at *2 (2d Cir. Jan. 22, 2025) ("Singh had to present evidence that overcame the prior adverse credibility determination to obtain reopening.") (citing *Matter of F-S-N-*, 28 I. & N. Dec. at 3). And well before *F-S-N-* was decided, we found no abuse of discretion in the BIA's denial of a late motion to reopen based on the agency's finding that "the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the [immigration judge's] denial of

4

petitioner's underlying asylum application." *Kaur*, 413 F.3d at 234 (citation omitted).

Here, the agency previously found Kader's claims of association with the Bangladesh Nationalist Party ("BNP"), and his allegations that he had been beaten and threatened by members of the rival Awami League because of that association, to be not credible. *See* Certified Admin. R. ("CAR") at 105-10. In support of his motion to reopen, Kader asserted that Awami League supporters returned to his family home, abused his relatives and friends, and renewed the threats against him. *See* CAR at 14. He corroborated these allegations with affidavits from friends and relatives in Bangladesh. *See* CAR at 26-27; 33-35. Essentially, he alleged that the prior alleged persecution was continuing.

This new claim is not "independent of the evidence that was found to be not credible" in the underlying proceeding. *Matter of F-S-N-*, 28 I. & N. Dec. at 3 (citations omitted). And substantial evidence supports the agency's finding that the new evidence "is not sufficiently persuasive to establish a material change relative to the respondent's eligibility for relief and protection from removal considering the Immigration Judge's adverse credibility finding" regarding

Kader's political activities.  CAR at 4.  Accordingly, we find no abuse of discretion in the agency's denial of the motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court